IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JORGE A. MARTINEZ, | : | |
| Petitioner | : | |
| v. | : | CIVIL NO. 4:CV-15-1412 |
| WARDEN L. U. ODDO | : | (Judge Brann) |
| Respondent | : | |

## **MEMORANDUM**

July 28, 2015

**Background**

Jorge A. Martinez, an inmate presently confined at the Allenwood United States Penitentiary, White Deer, Pennsylvania (USP-Allenwood) filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Named as sole Respondent is Warden L. U. Oddo of USP-Allenwood. Petitioner's request to proceed in forma pauperis will be granted for the sole purpose of the filing of this matter with this Court.

Petitioner, who was previously employed as an anesthesiologist, was convicted of 8 counts of distribution of controlled substances, 15 counts of mail fraud, 10 counts of wire fraud, 21 counts of health care fraud, and 2 counts of

health care fraud resulting in the death of patients following a jury trial in the United States District Court for the Northern District of Ohio. Martinez was subsequently sentenced on June 14, 2006 to serve a term of life imprisonment. His conviction and sentence were affirmed on direct appeal. See United States v. Martinez, 588 F.3d 301 (6th Cir. 2009).

Petitioner also previous sought relief with the sentencing court via a petition pursuant to 28 U.S.C. § 2255 which was initiated in October 2011. See Doc. 2, p. 42. His action was dismissed by the district court on procedural grounds.[1] By decision dated May 29, 2015 the United States Court of Appeals for the Sixth Circuit denied Martinez's application for a certificate of appealability. See id.

The Petitioner's pending action partially challenge his conviction. Martinez only seeks habeas corpus relief with respect to his convictions on two counts of health care fraud resulting in the death of patients. His petition claims that pursuant to the standards announced by the United States Supreme Court in United States v. Burrage, __ U.S. ___, 134 S.Ct. 881 (2014) he is actually and factually innocent of those two crimes. In Burrage, the Supreme Court in

---

[1] The district court initially dismissed Petitioner's § 2255 motion for exceeding the 20 page limitation set forth by the local rules of court. However, that determination was remanded by the Court of Appeals with instruction that Martinez be granted opportunity to file a compliant motion. Thereafter, Petitioner failed to submit a timely compliant § 2255 motion with the district court.

addressing a sentencing enhancement issue held that death only results from drug trafficking when the use of the controlled substance is the but for cause of the victim's death. It added that a penalty enhancement can only be applied if a jury finds beyond a reasonable doubt that the victim's use of a drug distributed by the defendant was a but for cause of death.

Martinez presently asserts that the two victims in his case died as a result of overdosing on illegal drugs "that this Movant did not prescribe to them." Doc. 2, p. 2. Therefore, he asserts that this § 2241 should be entertained because he is seeking relief based upon an intervening change in the law announced in Burrage.

**Discussion**

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 ("Preliminary Review") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (2004). See, e.g., Mutope v. Pennsylvania Board of Probation and Parole, 2007 WL 846559 *2 (M.D. Pa. March 19, 2007)(Kosik, J.). The provisions of Rule 4 are applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court,

the judge must dismiss the petition and direct the clerk to notify the petitioner." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where. . . the necessary facts can be determined from the petition itself. . . ."  Gorko v. Holt, 2005 WL 1138479 *1 (M.D. Pa. May 13, 2005)(McClure, J.)(quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

Since he initiated his action before this Court, Petitioner is apparently arguing that he may bring his present claims of unconstitutional conviction and sentence via a § 2241 petition. It would appear that it is Martinez's contention that this Court has jurisdiction over his § 2241 action by virtue of his ongoing detention at USP-Allenwood.

When challenging the validity of a federal sentence and not its execution,[2] a federal prisoner is generally limited to seeking relief by way of a motion pursuant to 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997); Russell v. Martinez, 325 Fed. Appx. 45, 47 (3d Cir. 2009)("a section 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence"). A challenge can only be brought under §

---

[2] A federal prisoner may challenge the execution of his sentence by initiating an action pursuant to § 2241. See Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

4

2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This language in § 2255, known as the safety-valve clause, must be strictly construed. Dorsainvil, 119 F.3d at 251; Russell, 325 Fed. Appx. at 47 (the safety valve "is extremely narrow and has been held to apply in unusual situations, such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law").

"It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539. See also, Alexander v. Williamson, 324 Fed. Appx. 149, 151 (3d Cir. 2009).

Petitioner is clearly challenging the validity of his 2006 conviction and sentence which transpired in the Northern District of Ohio. Thus, he must do so by following the requirements of § 2255. As previously noted, Petitioner filed a direct appeal and a § 2255 action. However, both of those efforts were initiated prior to the 2014 Burrage decision. Moreover, there is no indication by Petitioner

5

that he previously sought relief seek authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition for the purpose of pursuing his present Burrage claim.[3]

Martinez's instant claims are based upon a contention that his conduct is no longer criminal as a result of some change in the law. However, it is noted that "the Supreme Court has not made Burrage retroactive." Alvarez v. Hastings, 2015 WL 4092657 *2 (S.D. Ga. July 6, 2015); Harrington v. Holland, 2015 WL 2065945 * 3 (E.D. Ky May 4, 2015) (Burrage not retroactively applicable to cases on collateral review); Powell v. United States, 2014 WL 5092762 * 2 (D. Conn. Oct. 10, 2014). Nor has Petitioner shown that he is unable to present his claims via a § 2255 proceeding. As recognized by the Hon. Kim R. Gibson in Pollard v. Yost, No. 07-235, 2008 WL 4933599, at *6 (W.D. Pa. Nov. 18, 2008), for a challenge to a federal conviction to be presented by a federal inmate by way of a § 2241 petition, there must not only be "a claim of actual innocence but a claim of actual innocence coupled with the inability to have brought the claim before because of a change in the construction of the criminal statute by a court having the

---

[3] Petitioner indicates that he filed a letter with the Court of Appeals giving notice of the Burrage decision which was not acted upon. See Doc. 2, pp. 38-9. However, his Burrage argument was never presented to the district court and his letter does not warrant a determination that his Burrage claim was properly presented to the Court of Appeals.

last word on the proper construction of the statute, which change rendered what had been thought to be criminal within the ambit of the statute, no longer criminal."

Clearly, Martinez's pending claims do not fall within the narrow Dorsainvil exception to the general rule that section 2255 provides the exclusive avenue by which a federal prisoner may mount a collateral challenge to his conviction or sentence.  See Levan v. Sneizek, 325 Fed. Appx. 55, 57  (3d Cir. April 2009).  As previously noted, Petitioner has not properly sought authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition for the purpose of pursuing his present Burrage claim.  See Dixon v. Warden, FCI-Schuylkill, 2015 WL 871828 *3  (M.D. Pa. Feb. 27, 2015)(before the federal court door to the filing of a § 2241 petition opens, the applicant is first required to seek authorization from the appropriate Court of Appeals to file a second or successive § 2255 petition).

Consequently, since there is no basis for a determination that § 2255 is inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed for lack of jurisdiction. This dismissal has no effect on Petitioner's right to properly seek authorization from the Sixth Circuit to file a second or successive § 2255 petition.  An appropriate Order will enter.

BY THE COURT:


   s/ Mathew W. Brann
Matthew W. Brann
United States District Judge